NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**GINA BRASHER LANGLEY,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

———————————

2017-1818

———————————

Appeal from the United States Court of Federal Claims in No. 1:16-cv-00206-PEC, Judge Patricia E. Campbell-Smith.

———————————

Decided: November 20, 2017

———————————

GINA BRASHER LANGLEY, Neptune Beach, FL, pro se.

JOHN SCHUMANN, Tax Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by THOMAS J. CLARK, FRANCESCA UGOLINI, DAVID A. HUBBERT.

———————————

Before DYK, BRYSON, and REYNA, *Circuit Judges.*

PER CURIAM.

Gina Brasher Langley, *pro se*, appeals the decision of the United States Court of Federal Claims dismissing Ms. Langley's income tax refund and property-related claims for lack of subject matter jurisdiction. For the reasons discussed below, we *affirm*.

BACKGROUND

Ms. Langley seeks a refund of federal income tax for the 2004, 2009, 2011, 2012, and 2013 tax years. For 2004, Ms. Langley filed her federal income tax return jointly with her then-husband, Barney Langley. The Langleys subsequently divorced. In 2006, Mr. Langley's divorce attorney, Suzanne Green, obtained a charging lien on the Langleys' marital home after Mr. Langley did not pay his attorney's fees. Ms. Langley now claims the marital home, still encumbered by the charging lien, as her homestead. Following her divorce, Ms. Langley filed as an individual in the remaining years for which she currently seeks a refund, namely the 2009, 2011, 2012, and 2013 tax years. Prior to filing the case from which this appeal arises, Ms. Langley brought two actions in the Tax Court, which have since been dismissed.

On February 10, 2016, Ms. Langley filed her complaint in the Court of Federal Claims, seeking a tax refund of $51,068.84. Ms. Langley also brought property-related claims, asking the Court of Federal Claims to remove Mr. Langley from the title to her homestead, and to issue a court order establishing that Mr. Langley's divorce attorney, Ms. Green, does not own an interest in Ms. Langley's homestead. On May 10, 2016, Ms. Langley filed an additional pleading, deemed by the Court of Federal Claims to be a supplemental complaint, clarifying that the $51,068.84 refund she sought was for tax years 2004, 2009, 2011, 2012, and 2013.

The government moved to dismiss pursuant to Rule 12(b)(1),[1] and the Court of Federal Claims granted the government's motion on February 3, 2017. The Court of Federal Claims concluded that it lacked jurisdiction over Ms. Langley's claim for 2004 because she had not filed a timely administrative claim with the IRS, a jurisdictional prerequisite to filing suit. The Court of Federal Claims dismissed Ms. Langley's refund claims for the remaining tax years as untimely because Ms. Langley had filed her complaint in the Court of Federal Claims before the time period for the IRS to consider her claims, allotted by statute, had expired. The Court of Federal Claims further dismissed Ms. Langley's property-related claims, concluding that it lacked subject matter jurisdiction to hear such claims.

This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review *de novo* the Court of Federal Claims' decision to dismiss for lack of subject matter jurisdiction, and its underlying factual findings for clear error. *See Ferreiro v. United States*, 350 F.3d 1318, 1324 (Fed. Cir. 2003) (citations omitted).

In deciding a motion to dismiss for lack of subject matter jurisdiction, the court must assume all factual

---

[1]    The Court of Federal Claims had previously dismissed the complaint for lack of subject matter jurisdiction and entered judgment for the government, which it later vacated for reasons unrelated to this appeal. *Langley v. United States*, No. 1:16-cv-00206-PEC, slip op. at 8 (Fed. Cl. Aug. 1, 2016), *withdrawn* slip op. at 2 (Fed. Cl. Aug. 12, 2016); *see* A. L7–L9. The government subsequently filed its amended motion to dismiss for lack of subject matter jurisdiction, which led to this appeal.

allegations to be true and draw all reasonable inferences in the plaintiff's favor. *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). In resolving disputes regarding jurisdictional facts, the court may consider relevant evidence beyond the pleadings. *Fisher v. United States*, 402 F.3d 1167, 1181–83 (Fed. Cir. 2005). As the plaintiff, Ms. Langley bears the burden of establishing jurisdiction by a preponderance of the evidence. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014).

## A. Tax Refund Claims

The doctrine of sovereign immunity bars suit against the United States unless it has expressly consented to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). In 28 U.S.C. § 1346(a)(1), the United States has consented to be sued for taxes improperly assessed or collected, but only if the plaintiff complies with the jurisdictional requirements set forth in 26 U.S.C. § 7422.

Section 7422 of the Internal Revenue Code ("IRC") provides that "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue . . . until a claim for refund or credit has been duly filed with the [IRS]." *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 5 (2008) (second alteration in original) (quoting 26 U.S.C. § 7422(a)). No tax refund suit may be filed until six months have passed following the filing of such claim, unless the IRS renders a decision before the six-month period expires. 26 U.S.C. § 6532(a)(1). Section 6511(a) of the IRC further requires that a taxpayer bring a refund claim "within 3 years from the time the return was filed or 2 years from the time the tax was paid," whichever occurs later. *Id.* § 6511(a).

We agree with the Court of Federal Claims that Ms. Langley's refund claims were not timely filed. Reading Ms. Langley's complaint in the most favorable view, and drawing all inferences in her favor, we conclude that Ms.

Langley has not established subject matter jurisdiction for any of her refund claims.

### 1. Tax Year 2004

Concerning her 2004 refund claim, Ms. Langley has not established that her claim was timely under the requirements of § 6511(a). Ms. Langley seeks a refund of $42,273.56 for 2004. An IRS account transcript covering the 2004 tax year, attached to Ms. Langley's supplemental complaint, indicates that the Langleys filed their joint tax return on May 30, 2005. The same transcript indicates that the last payment towards the Langleys' 2004 tax liability was made on February 24, 2006. To be timely under § 6511(a), Ms. Langley's 2004 refund claim must have been brought by May 30, 2008—the later of three years from the date the return was filed (May 30, 2008) or two years from when the tax was paid (February 24, 2008).

The 2004 account transcript indicates that the IRS received an innocent spouse claim on April 18, 2011. The record also contains a completed IRS Form 8857, "Request for Innocent Spouse Relief," for the 2004 tax year, signed May 18, 2009. These documents were not filed before the deadline to seek a refund, May 30, 2008.

On appeal, Ms. Langley contends that she submitted a claim for the 2004 tax year in 2006, and points to a letter she allegedly sent to the IRS dated December 15, 2006. The letter is not one of the IRS's standard forms. Although this court recognizes the informal claim doctrine, which permits taxpayers to make valid claims for refund despite not filing the correct form, this doctrine is inapplicable here. *See Computervision Corp. v. United States*, 445 F.3d 1355, 1364–65 (Fed. Cir. 2006). To be valid, informal refund claims must fairly apprise the IRS that a refund is sought for certain years. Ms. Langley's 2006 letter fails to do so; it neither expresses intent to

seek a refund nor identifies 2004 as the relevant tax year, and thus does not qualify as an informal refund claim.

Ms. Langley also argues that the government falsified the 2004 account transcripts, and that the Langleys filed their 2004 joint return on April 15, 2005, and not on May 30, 2005, as reflected on the transcript. Even assuming this argument has merit, a filing date of April 15, 2005, would result in an earlier deadline by which to file a timely administrative claim—April 15, 2008, instead of May 30, 2008—and thus does not make the claim timely under § 6511(a).

Because Ms. Langley has not established that she made a claim to the IRS for a refund for 2004 within the time period permitted by § 6511(a), she has not established that subject matter jurisdiction exists over her 2004 tax refund claim.

### 2. Tax Years 2009, 2011, 2012, and 2013

For her 2009, 2011, 2012, and 2013 refund claims, the Court of Federal Claims correctly concluded that Ms. Langley did not comply with § 6532(a)(1), which prohibits a taxpayer from filing suit until the IRS has either denied the taxpayer's claim for refund or failed to act within six months.

Ms. Langley submitted to the IRS Form 843—"Claim for Refund and Request for Abatement"—for each of the 2009, 2011, 2012, and 2013 tax years. The 2012 form is dated November 7, 2015; the remaining forms are all dated October 29, 2015. Assuming the forms were filed the date they are signed, the earliest Ms. Langley could have filed a complaint in the Court of Federal Claims under § 6532(a)(1) that included all four years would have been May 7, 2016—six months after November 7, 2015— provided the IRS did not act on her claims beforehand. There is no indication that the IRS made a determination as to any of these refund claims before Ms. Langley filed

her complaint on February 10, 2016.[2] Ms. Langley's complaint was thus premature under § 6532(a)(1), and her refund claims were properly dismissed.

## B. Property-Related Claims

In her complaint, Ms. Langley also sought a court order removing Mr. Langley from the title to her homestead property, and removing any interest that Ms. Green has in the property. The Court of Federal Claims interpreted Ms. Langley's requests as actions to quiet title, and dismissed these claims because the Court of Federal Claims' jurisdiction under the Tucker Act is limited to actions against the United States for money damages. *See* 28 U.S.C. § 1491(a)(1). Claims brought under the Tucker Act must be filed within six years after the claim first accrues. *Id.* § 2501.

We agree. On appeal, Ms. Langley asks this court to "[r]equire Suzanne Green to account for the missing funds in my loss." She reiterates arguments made before the Court of Federal Claims in support of her request to remove Ms. Green's charging lien from her property— namely, that the lien was recorded on Ms. Langley's homestead without her knowledge or consent—and appears to abandon her arguments concerning Mr. Langley. Although Ms. Langley names the United States as the defendant, Ms. Langley's dispute is with Ms. Green; she brings no property-related claims against the United States. Furthermore, Ms. Green obtained the charging lien in 2006, over ten years before Ms. Langley filed her complaint; Ms. Langley's claims are thus time-barred

---

[2] Ms. Langley points to an April 14, 2016, letter from the IRS disallowing her 2009 refund claim. Because this letter was sent after Ms. Langley filed her complaint on February 10, 2016, it cannot serve as the basis for jurisdiction for the 2009 claim.

under § 2501.  Accordingly, the Court of Federal Claims lacks jurisdiction over Ms. Langley's property-related claims.

## CONCLUSION

We have considered Ms. Langley's remaining arguments and find them unpersuasive.  We therefore *affirm* the judgment of the Court of Federal Claims dismissing Ms. Langley's claims for lack of subject matter jurisdiction.

## AFFIRMED

### COSTS

Each party shall bear its own costs.